IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kenneth Simmons, On Behalf of Himself and All Others Similarly Situated, | CIVIL ACTION NO. 2:18-cv-01358-DCN |
| Plaintiff, | Collective Action Complaint (Jury Trial Requested) |
| v. | |
| Palmetto Residential Electric LLC., and Patrick Edwards, individually. | |
| Defendants. | |

Plaintiff Kenneth Simmons individually and on behalf of all others similarly situated individuals, by way of this Complaint in the above-captioned matter, alleges and show unto this Honorable Court the following:

**NATURE OF CLAIM**

1.      This action is brought individually and as a collective action for unpaid overtime compensation, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").  The collective action provision under the FLSA provides for opt-in class participation.

2.      Plaintiff also brings this action for unlawful retaliation pursuant to FLSA, 29 U.S.C. § 215(a)(3) et seq.

3.      Plaintiff also includes individual causes of action under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, et seq.

## PARTIES, JURISDICTION AND VENUE

4.      Plaintiff Kenneth Simmons is a citizen and a resident of Charleston County, South Carolina.

5.      Defendant, Palmetto Residential Electric LLC., is a for-profit corporation, registered with the South Carolina Secretary of State.

6.      Venue is proper in this District because the defendants have conducted substantial, continuous and systematic commercial activities in Charleston.  Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

7.      Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all electricians and electrician helpers who were non-exempt employees and who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation for such hours within the last three years.

8.      This Court has jurisdiction of the state claims alleged herein, and of the FLSA claim per 28 U.S.C. § 1331, and 29 U.S.C. § 216 (b).

9.      In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

10.      At all times, pertinent to this Complaint, Defendants owned an operation that was engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and 203(s).

11.     Based upon information and belief, the annual gross sales volume of the Defendants' business was more than $500,000.00 per year always material hereto. Alternatively, the Plaintiff and those similarly situated employees worked in interstate commerce to fall within the protections of the FLSA.

## FACTS

12.     Defendant, Palmetto Residential Electric LLC, (Palmetto) serves both residential and commercial markets in South Carolina, North Carolina and Georgia.  Palmetto provides services and products for new homes such as security system installation, alarm monitoring and whole home surge protection. Their customers range from homeowners, small custom builders, and nationally-known tract builders.

13.     Defendant, Patrick Stewart, is an owner and Chief Executive Officer of Palmetto Residential Electric, LLC.   Defendant Stewart manages, owns and/or operates, Palmetto Residential Electric LLC and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, Defendant Stewart was an employer of Plaintiff as such term is defined by the Act.  29 U.S.C. §201 et seq.

14.     Defendants' principal place of business is 7360 Industry Drive in North Charleston, South Carolina.

15.     Plaintiff Kenneth Simmons was employed by the Defendants from approximately March of 2017 until approximately January of 2018.

16.     Plaintiff was employed as an electrician.  Plaintiff's primary duties consisted of working in newly constructed homes, ensuring all municipal codes were complied with and

making sure the power was properly and safely distributed throughout the home from the power source to the main circuit breaker.

17.    Plaintiff had an employment agreement with Defendants that he would be paid an hourly wage for all hours worked.

18.    Plaintiff worked for Defendants with the clear understanding and agreement by Defendants, that his compensation would be consistent with all applicable laws, including state wage laws and South Carolina common law

19.    The Defendants provided Plaintiff with a work van containing materials that were needed for service jobs, such as tools and ladders.  Often Plaintiff was required to drive the van to the shop to pick-up electrician helpers to assist with the job assignment.  Plaintiff was also required to drive them back to the shop at the end of the day. The Defendants did not compensate Plaintiff and the electrician helpers for this time.

20.    Defendants did not to compensate Plaintiff and similarly situated electricians and for the time spent traveling from job sites to the Defendant's principal place of business, 7360 Industry Drive in North Charleston

21.    Plaintiff was often required to drive the company van from the job site to the shop at the end of each work day, to load and unload materials. Traveling from the job sites to the shop was part of his principal activity.

22.    Plaintiff and similarly situated employees regularly worked more than forty (40) hours in a workweek for the Defendants, and Defendants failed to pay them one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek during these workweeks.

23.     Plaintiff and similarly situated employees were often not compensated for their meal breaks.  Plaintiff regularly worked through his meal breaks.  The Defendants automatically deducted thirty (30) minutes from Plaintiff's pay each shift, regardless of whether, he was able to take a bona fide meal break.

24.     Plaintiff's supervisors witnessed him performing compensable labor during his unpaid meal breaks.

25.     Plaintiff regularly brought the company van to automotive shops after work hours, for oil changes and other routine maintenance.  Plaintiff was not compensated for this time.

26.     Plaintiff and similarly situated electricians regularly worked approximately 4 to 5 hours each week without receiving overtime compensation.

27.     Plaintiff, and other similarly situated electricians and electrician helpers, are non-exempt employees and are entitled to overtime pay when they worked more than 40 hours a week.

28.     Plaintiff did not have the authority to hire, fire or discipline employees.  Nor could Plaintiff set or adjust employees' rates of pay.

29.     When it was financially beneficial to Defendants, they changed Plaintiff's wages between hourly wages and piece-rate wages.

30.     Piece rate wages meant that the Defendant paid Plaintiff a fixed rate for each job completed regardless of the time it took Plaintiff to complete the work.

31.     When Plaintiff completed a piece rate job in a short amount of time, Defendant changed Plaintiff's compensation from piece-rate wages to hourly wages.

32.     Defendants did not notify Plaintiff in writing seven days prior to changing Plaintiff's wages from hourly to piece rate; or when he changed Plaintiff's wage from piece rate to hourly.

33.    On more than one occasion, Plaintiff verbally complained to the individual who handled Human Resource (HR) matters for the Company about not being paid overtime.

34.    Plaintiff also verbally complained that the Defendant sporadically changed the compensation policy, from piece work to hourly,  based upon the method of pay that was most lucrative for the Defendants.

35.    On Thursday, November 30, 2017, Plaintiff verbally complained to HR about the Defendants' pay policies.

36.    On December 5, 2017, acting on instructions from the Defendant Edwards, employees came to Plaintiff' home, picked up the company van.  They did a vehicle inventory checklist before they left.  Plaintiff took this to mean he was terminated.

37.    Plaintiff's complaints were sufficiently clear and detailed for the Defendants to understand the nature of the complaint and that it constituted protected activity under the FLSA's anti-retaliation provision.

### FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

38.    Plaintiff, on behalf of himself and all similarly situated employees, realleges and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

39.    Plaintiff and the members of the Plaintiff's class were employees of Defendants for purposes of the Fair Labor Standards Act during times relevant to this Complaint. Defendants failed to pay Plaintiff and the members of the Plaintiff's class at the rate of one-and-a-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

40.    Defendants also failed to pay Plaintiff and the members of the Plaintiff's class for all compensable time for which Plaintiff provided work for the benefit of Defendant.

41.    Plaintiff and the members of the Plaintiff's class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

42.    Plaintiff and the members of the Plaintiff's class are also entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate, as appropriate compensation for all time spent in working for Defendants, which was wrongfully excluded by Defendants in calculating their compensable time.

43.    The failure of Defendants to compensate Plaintiff for overtime work and for "off the clock hours" as required by the FLSA was knowing, willful, intentional, and done in bad faith.

44.    Plaintiff and the members of the Plaintiff's class are also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

45.    The work and pay records of Plaintiff and the members of the Plaintiff's class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained.  Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

46.    Plaintiff is also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## FOR A SECOND CAUSE OF ACTION
(Fair Labor Standards Act- Retaliation)
(Individual Action)

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Plaintiff complained to Defendants about not being paid overtime.

49. Defendants did not rectify the wage and hour violations that Plaintiff complained about.

50. Plaintiff engaged in "protected conduct" by complaining about the FLSA violations alleged herein.

51. As a result of, engaging in protected activity Plaintiff suffered adverse employment action.

52. After he complained, Plaintiff no longer allowed to drive the company van.

53. Defendants significantly reduced Plaintiffs hours, as result Plaintiff's wages were significantly reduced.

54. Defendants willfully, intentionally, and unlawfully retaliated against Plaintiff because he complained to them about violations of the FLSA.

55. Defendants constructively terminated Plaintiff by reducing his hours.

56. Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

57. Defendants are subject to individual liability pursuant to 29 U.S. C. §§203(e)(l) and 215(a)(3) for the retaliatory conduct.

58. Defendants retaliated against Plaintiff as a result of his protected conduct.

59.     Defendants have willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

60.     As a result of Defendants' willful violations of the FLSA, Plaintiff Carbone is entitled to recover from Defendants for front-pay, back-pay, reasonable attorneys' fees and costs/disbursements of prosecuting this case, plus liquidated damages, and post-judgment interest.

**FOR A SECOND CAUSE OF ACTION**
(South Carolina Payment of Wages Act)
(Individual)

61.     Plaintiff, realleges and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

62.     Defendants are "employers" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

63.     Defendants employed Plaintiff within the State of South Carolina.

64.     Defendants owe Plaintiff "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendants, as promised to Plaintiff and as required by law, including overtime pay required by the FLSA.

65.     Defendants did not pay Plaintiff according to his employment agreement.

66.     Defendants have failed to pay Plaintiff all the wages he is due, as required by Sections 41-10-40 and -50 of the Act.

67.     In addition, Defendants changed Plaintiff's compensation without providing proper written notice as required by Section 41-10-30(A) of the Act.

68.     Defendants failure to pay Plaintiff all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

9

69.    Pursuant to Section 41-10-80(C) of the Act, Plaintiff is entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Simmons and similarly situated employees who join this action demand:

a.    Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

b.    Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates;

c.    Judgment against Defendants that their violation of the FLSA and its implementing regulations were willful;

d.    Liquidated damages in an amount equivalent to the overtime damages owed to Plaintiff;

e.    Treble damages pursuant to the South Carolina Payment of Wages Act

f.    Leave to add additional plaintiffs by motion, the filing of written consent forms; or any other method approved by the Court;

g.    Leave to amend to add other defendants who meet the definition of Plaintiff's employer, 29 U.S.C. § 203(d);

h.    Injunctive relief to require Defendants to record, report and preserve records sufficient to enable Plaintiff and similarly-situated employees to determine their wages, hours and conditions and practices of employment, including practices regarding deductions and payment and nonpayment of overtime as mandated by the FLSA.

i.    Attorneys' fees and costs; and

j.  All such further relief as the Court deems just and equitable.

**<u>JURY DEMANDED</u>**

Plaintiff Simmons on his behalf and on behalf of all other similarly situated employees hereby demands a trial by jury.

Respectfully submitted,

<u>s/ Marybeth Mullaney</u>
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
1037-D Chuck Dawley Blvd
Mount Pleasant, South Carolina 29464
Phone (843) 588-5587
Fax (843) 593-9334
marybeth@mullaneylaw.net

May 18, 2018